IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

VICTORIA SPAUGY,                          :

        Plaintiff,                         :   Case No. 3:10cv106

vs.                                       :   JUDGE WALTER HERBERT RICE

COMMISSIONER OF SOCIAL SECURITY,          :

        Defendant.                         :

---

DECISION AND ENTRY REJECTING REPORT AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE (DOC. #12) IN THEIR ENTIRETY; PLAINTIFF'S OBJECTIONS TO SAID JUDICIAL FILING (DOC. #13) OVERRULED; JUDGMENT TO BE ENTERED IN FAVOR OF PLAINTIFF AND AGAINST THE DEFENDANT COMMISSIONER, VACATING COMMISSIONER'S DECISION THAT PLAINTIFF WAS NOT DISABLED AND, THEREFORE, NOT ENTITLED TO BENEFITS UNDER THE SOCIAL SECURITY ACT, AND REMANDING THE CAPTIONED CAUSE TO THE DEFENDANT COMMISSIONER, PURSUANT TO SENTENCE FOUR OF 42 U.S.C. § 405(g), FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION; TERMINATION ENTRY

---

    Plaintiff has brought this action pursuant to 42 U.S.C. § 405(g) to review a decision of the Defendant Commissioner denying Plaintiff's application for Social Security disability benefits. On December 22, 2010, the United States Magistrate Judge filed a Report and Recommendations (Doc. #12), recommending that the Commissioner's decision that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act be affirmed. Based upon the following, as

well as a thorough de novo review of this Court's file, including the Administrative Transcript (filed with Defendant's Answer at Doc. #5), and a thorough review of the applicable law, this Court rejects the aforesaid Report and Recommendations in their entirety and, in so doing, orders the entry of judgment in favor of the Plaintiff and against the Defendant Commissioner, concluding that the Commissioner's decision that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act was not supported by substantial evidence. The Plaintiff's Objections to said judicial filing (Doc. #13), are sustained. Accordingly, the decision of the Defendant Commissioner that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act is vacated, and the captioned cause is ordered remanded for further administrative proceedings.

In reviewing the Commissioner's decision, the Magistrate's task is to determine if that decision is supported by "substantial evidence." 42 U.S.C. § 405(g). Under 28 U.S.C. § 636(b)(1)(C), this Court, upon objections being made to the Magistrate Judge's Report and Recommendations, is required to make a de novo review of those recommendations of the report to which objection is made. This de novo review, in turn, requires this Court to re-examine all the relevant evidence, previously reviewed by the Magistrate, to determine whether the findings of the Secretary [now Commissioner] are supported by "substantial evidence." Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983); Gibson v. Secretary of Health, Education and Welfare, 678 F.2d 653, 654

(6th Cir. 1982). This Court's sole function is to determine whether the record as a whole contains substantial evidence to support the Commissioner's decision. The Commissioner's findings must be affirmed if they are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), citing Consolidated Edison Company v. NLRB, 305 U.S. 197, 229 (1938); Landsaw v. Secretary of Health and Human Services, 803 F.2d 211, 213 (6th Cir. 1986). Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Richardson, supra, at 401; Ellis v. Schweicker, 739 F.2d 245, 248 (6th Cir. 1984). Substantial evidence is more than a mere scintilla, but only so much as would be required to prevent a directed verdict (now judgment as a matter of law) against the Commissioner if this case were being tried to a jury. Foster v. Bowen, 853 F.2d 483, 486 (6th Cir. 1988); NLRB v. Columbian Enameling and Stamping Company, 306 U.S. 292, 300 (1939). To be substantial, the evidence "must do more than create a suspicion of the existence of the fact to be established... [I]t must be enough to justify, if the trial were to a jury, a refusal to direct a verdict when the conclusion sought to be drawn from it is one of fact for the jury." LeMaster v. Secretary of Health and Human Services, 802 F.2d 839, 840 (6th Cir. 1986), quoting NLRB v. Columbian Enameling and Stamping Company, supra.

In determining whether the Commissioner's findings are supported by substantial evidence, the Court must consider the record as a whole. Hephner v.

Mathews, 574 F.2d 359 (6th Cir. 1978); Ellis, supra; Kirk v. Secretary of Health and Human Services, 667 F.2d 524, 536 (6th Cir. 1981); Houston v. Secretary of Health and Human Services, 736 F.2d 365 (6th Cir. 1984); Garner v. Heckler, 745 F.2d 383 (6th Cir. 1984). However, the Court may not try the case de novo, resolve conflicts in evidence or decide questions of credibility. Garner, supra. The findings of the Commissioner of Social Security and proceedings on Claimant's application for social security disability benefits are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. Buxton v. Halter, Commissioner of Social Security, 246 F.3d 762 (6th Cir. 2001). If the Commissioner's decision is supported by substantial evidence, it must be affirmed, even if the Court as a trier of fact would have arrived at a different conclusion. Elkins v. Secretary of Health and Human Services, 658 F.2d 437, 439 (6th Cir. 1981).

In addition to the foregoing, in ruling as aforesaid, this Court makes the following, non-exclusive, observations:

1. The Administrative Law Judge failed to provide sufficient reasoning, pursuant to the Commissioner's Regulations and prevailing case law, for rejecting the opinion of Plaintiff's treating physician, Dr. Karen Frank, M.D., as to the Defendant's limitations and restrictions. For example, although ultimately limiting the Plaintiff to a "clean air, temperature controlled environment," Tr. 846, a

limitation far broader than his initial limitation in the hypothetical question to the Vocational Expert in which his description of "no exposure to irritants" was qualified as meaning concentrated amounts of same, the hearing officer nonetheless ignored certain limitations which Dr. Frank described, to wit: Plaintiff's inability to be "around perfumes, cologne, aftershave lotion, etc." The Administrative Law Judge either ignored or neglected to explain why he was not giving credence to those additional limitations found by Dr. Frank, which may well have reduced the number of available jobs to zero.

Although an Administrative Law Judge is not required to include all limitations urged by a Plaintiff in a hypothetical question to a Vocational Expert, he cannot omit same without a reasoned explanation for doing so.

2. In addition, in this Court's opinion, the Commissioner failed to give deference to the opinion of Dr. Frank, even if unable to give said medical provider's opinion controlling weight.

3. A remand for further administrative proceedings, rather than one for the payment of benefits, is proper, given that evidence of disability is not overwhelming and all factual issues have yet to be resolved. Faucher v. Secretary of Health and Human Services, 17 F.3d 171, 176
(6th Cir. 1994)

WHEREFORE, based upon the aforesaid, this Court rejects the Report and Recommendations of the United States Magistrate Judge (Doc. #12) in their entirety, having concluded that the Commissioner's decision, given that it relies upon an improperly framed hypothetical question to a Vocational Expert, and his failure to adequately explain the reasons for failing to give controlling weight or, at the very least, deference to the opinion of Plaintiff's treating pulmonologist, results in an opinion of non-disability which is not supported by substantial evidence. Accordingly, Plaintiff's Objections to said judicial filing (Doc. #13) are sustained. Judgment will be ordered entered in favor of the Plaintiff and against the Defendant Commissioner, vacating the Commissioner's decision of non-disability, and remanding the captioned cause to the Defendant Commissioner for further administrative proceedings consistent with this opinion, in order to determine Plaintiff's eligibility for benefits under the Social Security Act, to wit: at the very least, the Administrative Law Judge must give full and adequate reasons, pursuant to the Commissioner's Regulations and prevailing case law, for giving or for failing to give, based upon the entirety of the record, the opinion of Dr. Karen Frank controlling or, at the very least, deferential weight in the determination of whether Plaintiff is entitled to benefits under the Social Security Act.

The captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

March 31, 2011

*/s/ Walter Herbert Rice*

WALTER HERBERT RICE, JUDGE
UNITED STATES DISTRICT COURT

Copies to:

Counsel of record